**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MUHAMMAD J. AZIZ,<br>    Petitioner, | : | |
| | : | |
| | : | |
| v. | : | **Case No. 3:26-CV-399 (KAD)** |
| | : | |
| C. FLOWERS, WARDEN, FCI DANBURY, | : | |
|    Respondent. | | |

### <u>RULING ON MOTION FOR RECONSIDERATION [ECF No. #14]</u>

On March 17, 2026, Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241 on grounds that the Bureau of Prisons ("BOP") improperly calculated and applied his earned FSA time credits and failed to transfer him to pre-release custody (or a halfway house) in violation of the First Step Act ("FSA") and the Second Chance Act ("SCA").   ECF No. 1.   He requested transfer to pre-release custody after proper application of his FSA earned time credits.

On April 10, 2026, the Court denied the Petition under § 2241.   ECF No. 11.   The Court concluded that Petitioner was subject to a final order of removal, *see* ECF No. 10-1 at 4, and was therefore not eligible for application of the FSA earned time credits pursuant to 18 U.S.C. § 3632(d)(4)(E)(i).   *See Cheng v. United States*, 132 F.4th 655, 659 (2d Cir. 2025) (per curiam) (rejecting Petitioner's due process claim because he had no protected interest in his FSA time credits as "the FSA, taken as a whole, makes clear that noncitizens with final orders of removal are not eligible for time credits"); *Churuk v. Warden*, No. 3:24-CV-1306 (VDO), 2024 WL 4695839, at *2 (D. Conn. Oct. 21, 2024) ("Immigration records provided by Respondent show that Petitioner is the subject of a final order of removal. . . .   Thus, Petitioner is statutorily ineligible to earn FSA credits regardless of the circumstances cited in his petition.").   As for the SCA claim, the Court explained that pre-release custody placement under the SCA is within the sole discretion of BOP, and therefore, Petitioner has no right to relief under the SCA from this Court because the

BOP determined Petitioner to be ineligible for community placement under the SCA.   ECF No. 11.   *See Fournier v. Zickefoose*, 620 F. Supp. 2d 313, 318 (D. Conn. 2009) ("[T]he BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed in an RRC." (internal quotation marks omitted)).

Petitioner has filed a motion to amend the judgment and for reconsideration under Federal Rule of Civil Procedure 59(e).   ECF No. 14.   For the following reasons, Petitioner's motion is DENIED.

**Standard of Review**

"Rule 59(e) covers a broad range of motions, including motions for reconsideration . . . ." *Ass'n for Retarded Citizens of Conn. v. Thorne*, 68 F.3d 547, 553 (2d Cir. 1995).   However, it is well settled that Rule 59(e) may not be used to relitigate old issues, present the case under new theories, secure a rehearing on the merits, or otherwise take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *see Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (quotation marks and citation omitted)).   "The 'narrow aim' of Rule 59(e) is 'to make clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment."   *Greene v. Town of Blooming Grove*, 935 F.2d 507, 512 (2d Cir. 1991) (internal citation omitted).   A motion to alter or amend judgment is an "extraordinary remed[y] to be employed sparingly in the interests of finality and conservation of scarce judicial resources."   *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460,

475 (S.D.N.Y. 2014) (citation and quotation marks omitted).

The standard for granting a Rule 59 motion "is strict, and reconsideration will generally be denied unless the party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Thus, a Rule 59(e) motion is not the proper vehicle for a litigant dissatisfied with the court's ruling to reargue issues that were already considered. *See Doe v. Winchester Bd. of Educ.*, No. 10-CV-1179 (VAB), 2017 WL 662898, at *2 (D. Conn. Feb. 17, 2017).

**Discussion**

Petitioner admits that he was ordered removed from the United States on March 3, 1997, and left the country under that order until "about 1999." ECF No. 14. He maintains that he is not subject to final order of removal because he had waiver to reenter the United States prior to his arrest on criminal charges in 2025. *Id.* He notes that his Presentence Report for his 2025 arrest stated he had "entered the United legally and was then apprehended." *Id.* He argues that the prior 1997 removal order is neither final nor enforceable; that no action has been taken to reinstate the prior 1997 removal order; and that the 1997 removal order cannot be reinstated because a prior order of removal can only be legally reinstated where an alien reenters the United States without authorization. *Id.*; *see Johnson v. Guzman Chavez*, 594 U.S. 523, 530 (2021) (noting process under DHS regulations for reinstating an order of removal require that "the agency obtains the alien's prior order of removal, confirms the alien's identity, determines whether the alien's reentry was unauthorized, provides the alien with written notice of its determination, allows the alien to contest that determination, and then reinstates the order").

3

Respondent submits the declaration of Criminal Alien Program Deportation Officer Jones, who explains that Petitioner was paroled into the United States in March 2025 until March 19, 2026, for the purpose of a criminal prosecution, but he never obtained legal status in the United States.  ECF No. 15-1, ¶ 14.  After his parole expired, Petitioner returned to the status of an arriving alien, 18 U.S.C. § 1182(d)(5)(A).[1]  Officer Jones avers that on April 24, 2026, he personally served Petitioner with an Order of Expedited Removal under U.S.C. § 1225(b)(1). ECF No. 15-1, ¶¶ 17–18.  He attaches the Notice and Order of Expedited Removal to his declaration.  ECF No. 15-1, ¶ 13.

Petitioner has not sustained his burden of showing his entitlement to relief under Rule 59(e).  Petitioner relies on a Pre-Sentence Report statement that he "legally" entered the United States before his arrest, but there is no legal authority that Petitioner's 2025 parole rendered the prior final order of removal unenforceable.  *See Jimenez v. Warden, FCI Fort Dix,* No. 24-773, 2024 WL 3568714, at *1 (D.N.J. July 26, 2024) ("That Petitioner was also granted . . . deferral of removal under the CAT does not change the fact that he has received a final order of removal."); *Doan v. FCI Berlin Warden*, No. 23-CV-183-LM-AJ, 2024 WL 1095894, at *4 (D.N.H. Feb. 21, 2024), *report and recommendation approved sub nom. Van Doan v. FCI Berlin, Warden*, No. 23-CV-183-LM-AJ, 2024 WL 1093756 (D.N.H. Mar. 13, 2024) ("Neither Petitioner's prior release from ICE custody, nor any determinations regarding his likelihood of removal, nor any temporary

---

[1] Section 1182(d)(5)(A) provides: "The Secretary of Homeland Security may, except as provided in subparagraph (B) or in section 1184(f) of this title, in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States."

grant of discretionary relief, have rendered the underlying Removal Order nonfinal."). In any event, Petitioner is also subject to the Order of Expedited Removal served on April 24, 2026. *See* ECF No. 15-1, ¶ 13.

Under 18 U.S.C. § 3632(d)(4)(E)(i), an inmate is "ineligible for the application of earned time credits if that person is the subject of a 'final order of removal' under any provision of the federal immigration laws." As Petitioner was subject to a final order of removal while in BOP custody, he is statutorily ineligible to apply any earned time credits toward pre-release custody. *Chang v. Flowers*, No. 3:25-CV-1838 (VDO), 2026 WL 788008, at *3 (D. Conn. Mar. 20, 2026); *see also Deras Lopez v. Warden, FCI Berlin*, No. 23-CV-552-LM-TSM, 2025 WL 1698489, at *6 (D.N.H. Mar. 17, 2025), *report and recommendation approved sub nom. Lopez v. FCI Berlin, Warden*, No. 23-CV-552-LM-TSM, 2025 WL 1726125 (D.N.H. June 20, 2025) (noting district courts nationwide have found Notice and Orders of Expedited Removal are "'final order[s] of removal' for purposes of 18 U.S.C. § 3632(d)(4)(E)(i)," and therefore, Petitioner paroled into the United States for prosecution was ineligible for FSA credits).

Petitioner has not established that the Court overlooked any law, or that a change of law warrants amendment of the judgment. Nor has he shown any ground that the Court must correct to remedy clear error or prevent manifest judgment. Thus, Petitioner has not shown that he is entitled to relief from the Court's judgment denying his Petition under 28 U.S.C. § 2241. The motion must be denied.

**Conclusion**

For the foregoing reasons, Petitioner's Motion for Reconsideration (ECF No. 14) is

DENIED.

**SO ORDERED** this 21st day of July, 2026, at Bridgeport, Connecticut.


 /s/ Kari A. Dooley
Kari A. Dooley
United States District Judge